United States District Court
Southern District of Texas
**ENTERED**
January 27, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. 4:10-CV-2277 |
| CITY NURSING SERVICES OF TEXAS, *et al*, | § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

Pending before the Court is the plaintiffs', United States of America *ex relatione* Stephanie Holmes, motion for summary judgment and brief in support of its motion for summary judgment (Dkt. Nos. 56 and 57). The defendant, Christina Joy Clardy ("Clardy"), has filed a response in opposition to the motion (Dkt. No. 60). After having carefully considered the motion, response, the record, and the applicable law, the Court determines that the Government's motion for summary judgment should be **GRANTED**.

**II.    FACTUAL OVERVIEW**

The Government brings this *qui tam* action against Clardy for alleged violations of the False Claims Act ("FCA"). 31 U.S.C. §§ 3729-3733. On June 25, 2010, Stephanie Holmes filed a complaint in this Court under the *qui tam* provisions of the FCA alleging that certain individuals, not parties to this suit, engaged in a scheme to bill Medicare and Medicaid for physical therapy services that were not provided. (*See* Dkt. No. 1). Clardy was not named in the original complaint. *Id.* On January 3, 2012, the Government filed a notice of intervention against those defendants. (*See* Dkt. No. 20). On June 27, 2014, the Government filed a complaint in

intervention naming Clardy as an additional defendant. (*See* Dkt. No. 31). On August 7, 2014, Clardy filed an answer asserting the following affirmative defenses, *inter alia*: (1) separation of powers and estoppel; (2) failure to mitigate damages; (3) waiver, excuse, acquiescence, and release; (4) unclean hands; (5) accord and satisfaction; (6) violations of his constitutional rights under the first, fifth, eighth, and fourteenth amendments; and (7) payment or reimbursement.[1] (*See* Dkt. No. 38).

Count one of the indictment alleged, in part, that Clardy as well as other individuals not parties to this case, "knowingly and willfully combine[d], conspire[d], confederate[d] and agree[d] with others . . . to execute and attempt[ed] to execute a scheme and artifice to defraud" the Medicare and Medicaid programs, from March 2, 2006 to June 26, 2009. (Dkt. No. 57, Ex. C at 6-7). Counts two through twenty-eight of the indictment alleged, in part, that Clardy as well as other individuals not parties to this case, "knowingly and willfully, execute[d] and attempt[ed] to execute a scheme and artifice to defraud . . . the Medicare and Medicaid Programs . . . by means of false and fraudulent pretenses, representations, and promises," from March 2, 2006 to June 26, 2009. (*Id.* at 12.). This case was stayed pending the outcome of the criminal proceeding. (*See* Dkt. No. 28).

On May 27, 2011, after a jury trial, Clardy was convicted of one count of conspiracy to commit health care fraud and fifteen counts of health care fraud.[2] (*See* Dkt. No. 57, Ex. D at 14-16). Clardy was ordered to pay $15,626,084.01 in restitution to Medicare and Medicaid and a $1,800 special assessment. (*See* Dkt. No. 57, Ex. B at 7-8). An appeal was taken, and on January 7, 2014, the United States Court of Appeals for the Fifth Circuit affirmed Clardy's

---

[1] Clardy's answer also assert that the Government's claims are barred because the "[r]elator is not an original source" and "the claims were publicly disclosed." The Government argues that those claims are inapplicable to suits filed by the United States by virtue of 31 U.S.C. § 3730(e)(4)(A)-(B). The Court agrees. Therefore, the Court strikes those defenses.

[2] 18 U.S.C. § 1349; 18 U.S.C. §§ 2 and 1347.

convictions and the sentence imposed. *See United States v. Umawa Oke Imo*, 739 F.3d 226, 232 (5th Cir. 2014). On February 4, 2014, the Fifth Circuit denied Clardy's petition for rehearing en banc. *Id.* On April 28, 2014, this case was returned to the Court's active docket and the judgments on the criminal convictions are now final. The Government now moves for summary judgment on Clardy's liability under the FCA as well as Clardy's asserted affirmative defenses. The Government also requests that the Court issue a briefing schedule regarding the amount of damages and statutory penalties to be imposed on Clardy.

### III. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the district court of the basis for its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must

'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed.2d 127 (1994)). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (quoting *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must

prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 – 52 (1986)).

## IV. ANALYSIS & DISCUSSION

The Government argues that the FCA precludes Clardy from denying liability in the present civil action because the present case and her prior criminal conviction for health care fraud involve the same transaction. It appears that Clardy concedes to the Government's argument.

### A. Estoppel Under the FCA

The FCA imposes liability against any person who: (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval; (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government; or (3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid. 31 U.S.C. § 3729(a)(1)–(3).

The FCA contains an estoppel provision that prevents defendants convicted in a criminal proceeding from denying the essential conduct for which they were convicted. The provision is as follows:

> Notwithstanding any other provision of law, the Federal Rules of Criminal Procedure, or the Federal Rules of Evidence, a final judgment rendered in favor of the United States in any criminal proceeding charging fraud or false statements, whether upon a verdict after trial or upon a plea of guilty or nolo contendere, shall estop the defendant from denying the essential elements of the offense in any action which involves the same transaction as in the criminal proceeding and which is brought under subsection (a) or (b) of section 3730.

31 U.S.C. § 3731(e).

The instant action is precisely the companion civil proceeding this statute was designed to address. A jury convicted Clardy of conspiracy to commit health care fraud and health care fraud. The judgment against Clardy became final on March 6, 2014, after the Fifth Circuit denied her petition for rehearing en banc.[3] *See* 31 U.S.C. § 3731(e); *see also Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Engineers & Participating Employers*, 134 S. Ct. 773, 779, 187 L.Ed.2d 669 (2014). The conduct for which Clardy was convicted is the same as that alleged in the instant action. As such, given the higher burden of proof in criminal matters, the criminal convictions against Clardy establish the necessary facts to prove Clardy's violations of the FCA. Consequently, the Government is entitled to summary judgment against Clardy as a result of her conviction in the criminal prosecution. Accordingly, summary judgment is granted in favor of the Government with regard to Clardy's liability on the FCA claims.

### B. Clardy's Affirmative Defenses

The Government also moves for summary judgment on Clardy's affirmative defenses. The essence of the Government's argument is that Clardy's affirmative defenses fail as a matter of law because "no party may assert equitable defenses against the United States when the Government acts in its sovereign capacity to exercise public rights to protect the public interest." It also appears that Clardy concedes to the Government's arguments on the affirmative defenses to the extent they relate to her liability only. The parties appear to agree that Clardy's payment and constitutional affirmative defensives relate to damages; thus, the Court will not address them here.

---

[3] The final judgment rule is ordinarily utilized to determine the appealability of a lower court's decision, whereby, "[i]n the ordinary course a 'final decision' is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. *Haluch*, 134 S.Ct. at 779. A judgment becomes final and no longer appealable after the expiration of 30 days from the date of rendition of judgment or order overruling a post-judgment motion. *See* Fed. R. App. P. 4(a)(1)(A).

As to the remaining affirmative defenses, the applicable law is as follows: (1) waiver—the Supreme Court has noted that "a waiver of sovereign authority will not be implied, but instead must be surrendered in unmistakable terms." *United States v. Cherokee Nation of Oklahoma*, 480 U.S. 700, 707, 107 S.Ct. 1487, 94 L.Ed.2d 704 (1987) (internal citation omitted); (2) equitable estoppel carries a heightened burden of proof when asserted against the Government as opposed to an ordinary opponent. *Office of Personnel Management v. Richmond*, 496 U.S. 414, 423, 110 S. Ct. 2465, 110 L.Ed.2d 387 (1990); (3) unclean hands—where the Government acts in public interest, the unclean hands defense is unavailable as a matter of law. *Pan American Petroleum & Transport Co. v. United States*, 273 U.S. 456, 506, 47 S. Ct. 416, 71 L.Ed. 734 (1927)); (4) accord and satisfaction is a defense to claims arising from contractual agreements. *See Baylor Health Care Sys. v. Employers Reinsurance Corp.*, 492 F.3d 318, 321 (5th Cir. 2007); and (5) "[t]he Government has no duty to mitigate damages in cases where fraud is alleged." *U.S. ex rel. Garrison v. Crown Roofing Servs., Inc.*, No. CIV.A. H-07-1018, 2011 WL 4914971, at *2 (S.D. Tex. Oct. 14, 2011) (citing *Toepleman v. United States*, 263 F.2d 697, 700 (4th Cir. 1959), cert. denied, 359 U.S. 989, 79 S. Ct. 1119, 3 L.Ed.2d 978 (1959)).

Here, Clardy has not argued nor does the record reflect that she is entitled to the protective shields of the affirmative defenses asserted in her answer. Clardy has not produced any evidence to suggest that the Government unmistakably waived its sovereign authority or is estopped from pursuing this FCA claim. The FCA claim does not arise by contract and the unclean hands defense is not available to Clardy in this case. Lastly, given that this is a suit under the FCA, the Government has no duty to mitigate damages. Indeed, as the Court holds that no genuine issues of fact exist on Clardy's liability by virtue of 31 U.S.C. § 3731(e), it conceivably follows that Clardy's affirmative defenses are insufficient. Therefore, the Court, as

a matter of law, grants summary judgment in favor of the Government on Clardy's affirmative defenses of: (1) separation of powers and estoppel; (2) failure to mitigate damages; (3) waiver, excuse, acquiescence, and release; (4) unclean hands; and (5) accord and satisfaction.

## V.     CONCLUSION

Based on the foregoing analysis and discussion, the Government's motion for summary judgment is **GRANTED**.  The Court further GRANTS the Government's request for a scheduling order on briefs regarding the amount of damages and statutory penalties to be imposed.

It is so **ORDERED**.

SIGNED on this 27th day of January, 2016.

_____
Kenneth M. Hoyt
United States District Judge